UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD LEE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BANK OF AMERICA, N.A., et al.,<br><br>　　　　　Defendants. | Case No. 21-cv-07231-JSC<br><br>**ORDER RE: MOTION TO CHANGE VENUE**<br><br>Re: Dkt. Nos. 19, 22 |

Plaintiff Howard Lee, who is representing himself, filed this action in the San Francisco Superior Court against Defendants Bank of America, N.A. and Bank of America Corporation (collectively "BofA") for negligence, fraud, and contract-related claims. Defendants removed the action to this Court under 28 U.S.C. §§ 1332, 1441.[1] (Dkt. No. 1.) Plaintiff thereafter filed a motion to change venue to the District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1406. (Dkt. No. 19.) After carefully considering the parties' written submissions, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), and DENIES Plaintiff's motion for change of venue because venue is proper in the Northern District of California.

## BACKGROUND

### A. Complaint Allegations

Plaintiff Howard Lee is a Florida resident. (First Amended Complaint, Dkt. No. 1 ("FAC") ¶ 1.)[2] In 2006 and 2007, Plaintiff and his two brothers attempted to invest a total of $1,150,000 into 14 Seaside Marina lots in Nicaragua. (FAC ¶¶ 1, 28.) Plaintiff invested the money through

---

[1] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 9, 10.)
[2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

Yessica Cai who was Vice President of Investment at Bank of America at the Cupertino branch and acted as Plaintiff's financial advisor, banker, and concierge. (FAC ¶¶ 18-29.) Ms. Cai suggested the investment to Plaintiff "while in her role as Bank of America financial advisor." (FAC ¶ 29.) Plaintiff "thought that Bank of America had evaluated and vetted th[e] investment opportunity," because "Ms. Cai had suggested [it] while Mr. Lee was visiting her in her official role at Bank of America." (FAC ¶ 31.) Ms. Cai subsequently handled the entire transaction with her business partners, who are not associated with BofA. (FAC ¶¶ 33, 35.)

In 2006 and 2007, Plaintiff wired Ms. Cai $550,000 and $600,000, respectively, to purchase the Seaside Mariana lots. (FAC ¶ ¶ 35, 40.) The latter sum included $220,000 from his brother. Each time, Ms. Cai informed Plaintiff "that the investment had concluded and that he owned the lots." (FAC a ¶¶ 37, 44.) "However, Ms. Cai [] did not ensure that Mr. Lee got title to the lots he invested in." (FAC ¶¶ 38, 45.) Instead, "Ms. Cai simply stole the Plaintiff's funds." (FAC at ¶ 46.)

In spring 2020, Plaintiff "had heard from Ms. Cai that Seaside Mariana might not have recorded deeds for the lots, as he had expected, that the Plaintiff thought he had purchased in 2006 and 2007." (FAC at ¶ 51.) In May and June 2020, Plaintiff hired attorneys in Nicaragua who informed him that he needed to consult the property registry through a representative. (FAC at ¶ 54.) The following month, he contacted an attorney at a title services company, and in August 2020, Plaintiff's attorneys discovered that he did not actually own any of the properties. (FAC at ¶¶ 55-59.)

**B. Procedural Background**

On March 29, 2021, Plaintiff filed this action against Bank of America, N.A. and Bank of America Corporation, Bank of America, N.A.'s parent company in the San Francisco Superior Court. (FAC ¶¶ 7, 68; Dkt. No. 7 at 4.) Plaintiff brings six claims: (1) negligent hiring, retaining, and supervising; (2) fraud by omission; (3) breach of fiduciary duty; (4) breach of the covenant of good faith and fair dealing; (5) breach of contract; and (6) negligent misrepresentation. The last five claims rest on the theory of *respondeat superior* liability, as Plaintiff claims that Ms. Cai was acting through BofA and within her official BofA duties. (Dkt. No. 7 at 6; FAC ¶ 31.)

Defendants removed the case to the Northern District Court of California based on diversity jurisdiction and moved to dismiss under Rule 12(b)(6). (Dkt. No. 1; Dkt. No. 7.) Plaintiff thereafter sought and obtained several extensions of time to respond to the motion to dismiss on the basis that he was seeking counsel to represent him. (Dkt. Nos. 11, 12, 13.) In his last request, Plaintiff represented that he had obtained counsel and his counsel needed additional time to "come up to speed." (Dkt. No. 14.) The Court granted the request for an extension. (Dkt. No. 18.) Shortly before the extended opposition due date, Plaintiff, without representation by an attorney, filed the now pending motion to transfer venue. (Dkt. No. 19.) He subsequently filed yet another request for an extension of time to respond to the motion to dismiss based on the pending motion to transfer venue. (Dkt. No. 20.) In Plaintiff's most recent filing, his reply on the motion to transfer venue, Plaintiff asks the Court to stay his action so that he can refile in the Middle District of Florida. (Dkt. No. 22.) No counsel has entered an appearance on Plaintiff's behalf.

**DISCUSSION**

Plaintiff requests transfer to the Middle District of Florida ("the Florida court") under 28 U.S.C. § 1406(a), which states that if a case is in an improper venue, the court shall transfer the case to any district in which the case could have been brought if it is in the interest of justice. The Court denies Plaintiff's motion to change venue because the Northern District of California is a proper venue for this case.

First, because Defendant removed this action from state court, 28 U.S.C. § 1441(a) governs, not section 1406(a). Section 1441(a) provides that a removed action is properly venued in the district where the action was pending. *See Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 666 (1953); *see also Vu v. Ortho-McNeil Pharm., Inc.*, 602 F. Supp. 2d 1151, 1156 (N.D. Cal. 2009) ("venue is proper when a case is removed to the district where the state action was pending"). This case was filed in the San Francisco Superior Court for the State of California rendering venue in the Northern District of California proper.

Second, even if section 1406(a) did govern, section 1406(a) allows the case to be transferred only if it is currently in an improper venue. *See Tamashiro v. Harvey*, 487 F. Supp. 2d

1162, 1168 (D. Haw. 2006) (denying the motion to transfer the case pursuant to 28 U.S.C. § 1406(a) because venue was proper in Hawaii). Venue is proper where the defendant resides or where a substantial part of the events or omissions giving rise to the claim occurred. *See* 28 U.S.C. § 1391(b). Here, Plaintiff admits that "much of the relevant activity leading to this legal complaint took place in California." (FAC ¶ 18). Plaintiff also alleges that Ms. Cai was his financial advisor in the San Francisco Bay area, and she suggested to invest in the Nicaragua lots while at BofA's Cupertino, California office. (FAC ¶¶ 19, 24-25, 31). Therefore, the Northern District of California is a proper venue because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred there; accordingly, the case cannot be transferred pursuant to section 1406(a).

## CONCLUSION

For the reasons stated above, the Court DENIES Plaintiff's motion to change venue to the Middle District of Florida.

As Plaintiff is proceeding without the assistance of counsel, the Court directs his attention to the Handbook for Pro Se Litigants, which is available along with further information for the parties on the Court's website located at http://cand.uscourts.gov/proselitigants. Plaintiff may also contact the Legal Help Center, 450 Golden Gate Avenue, 15th Floor, Room 2796, Telephone No. (415)-782-8982, for free assistance regarding his claims.

This Order disposes of Docket Nos. 19 and 22.

**IT IS SO ORDERED.**

Dated: 02/18/2022

JACQUELINE SCOTT CORLEY
United States Magistrate Judge