UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD LEE,<br><br>    Plaintiff,<br><br>    v.<br><br>BANK OF AMERICA, N.A., et al.,<br><br>    Defendants. | Case No. 21-cv-07231-JSC<br><br>**ORDER DISMISSING ACTION** |

Plaintiff Howard Lee, who is representing himself, brings claims against Defendants Bank of America, N.A. and Bank of America Corporation for negligence, fraud, and contract-related breaches. On February 28, 2022, the Court granted Defendants' motion to dismiss and ordered Plaintiff to file an amended complaint by March 30, 2022. (Dkt. No. 26.)  Plaintiff did not file an amended complaint and did not otherwise respond to the Court's Order.  On April 11, 2022, the Court ordered Plaintiff to show cause as to why this action should not be dismissed for failure to prosecute.  (Dkt. No. 27.)  Plaintiff has not responded to the Court's Order and the deadline to do so has passed.

Pursuant to Federal Rule of Civil Procedure 41(b), the Court may dismiss an action for failure to prosecute or to comply with a court order. *See Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that a court may sua sponte dismiss an action pursuant to Rule 41(b)). "A Rule 41(b) dismissal must be supported by a showing of unreasonable delay." *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010) (internal citation and quotation marks omitted).  In determining whether a Rule 41(b) dismissal is appropriate, the court must weigh the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the

1  defendants; (4) the public policy favoring disposition of cases on their merits and (5) the
2  availability of less drastic sanctions." *Id*. (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423
3  (9th Cir.1986)). Dismissal is appropriate "where at least four factors support dismissal . . . or
4  where at least three factors strongly support dismissal." *Hernandez v. City of El Monte*, 138 F.3d
5  393, 399 (9th Cir. 1998) (internal citation and quotation marks omitted).

6  Here, four of the five *Henderson* factors weigh in favor of dismissal. "The first two
7  factors—the public interest in expeditious resolution of litigation and the Court's need to manage
8  its docket—relate to the "efficient administration of judicial business for the benefit of all litigants
9  with cases pending." *Nealey v. Transportacion Maritima Mexicana, S.A.*, 662 F.2d 1275, 1279
10 (9th Cir. 1980). By failing to comply with the Court's orders and file an amended complaint or
11 response to the Order to Show Cause, Plaintiff has delayed adjudication of this action. Non-
12 compliance with procedural rules and the Court's orders wastes "valuable time that [the Court]
13 could have devoted to other ... criminal and civil cases on its docket." *Ferdik v. Bonzelet*, 963
14 F.2d 1258, 1261 (9th Cir. 1992).

15 As for the third factor, while "the pendency of the lawsuit is not sufficiently prejudicial
16 itself to warrant dismissal," the delay caused by Plaintiff's failure to prosecute this action despite
17 the Court's orders weighs in favor of dismissal. *Yourish v. California Amplifier*, 191 F.3d 983,
18 991 (9th Cir. 1999).

19 The fourth factor is the availability of less drastic sanctions. The Court already cautioned
20 Plaintiff's that failure to respond would result in dismissal of this action. (Dkt. No. 27.) Thus, the
21 Court has fulfilled its "obligation to warn the plaintiff that dismissal is imminent." *Oliva v.*
22 *Sullivan*, 958 F.2d 272, 274 (9th Cir. 1992); *see also Ferdick*, 963 F.2d at 1262 ("A district court's
23 warning to a party that failure to obey the court's order will result in dismissal can satisfy the
24 'consideration of [less drastic sanctions] requirement."). The fourth factor thus weighs in favor of
25 dismissal.

26 The last factor, which favors disposition on the merits, by definition weighs against
27 dismissal. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002) ("Public policy favors
28 disposition of cases on the merits. Thus, this factor weighs against dismissal.").

In sum, four of the five relevant factors weigh strongly in favor of dismissing this action in its entirety.  *See Pagtalunan*, 291 F.3d at 643 (affirming dismissal where three factors favored dismissal, while two factors weighed against dismissal).  The Court therefore DISMISSES this action pursuant to Federal Rule of Civil Procedure 41.

**IT IS SO ORDERED.**

Dated: May 5, 2022

JACQUELINE SCOTT CORLEY
United States District Judge